IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEPH REID and GORDON MILLER, on behalf of themselves and similarly situated employees, | :<br>:<br>: Case No. 2:13-cv-00659-MWH-EPD<br>:<br>: Hon. Michael H. Watson, presiding |
| Plaintiffs, | : Hon. Elizabeth Preston Deavers, referral |
| v. | :<br>: ELECTRONICALLY FILED |
| NEWALTA ENVIRONMENTAL SERVICES, INC., | ON SEPTEMBER 17, 2013<br>:<br>: NON-JURY TRIAL |
| Defendant. | : |

**CORRECTED FIRST AMENDED COMPLAINT – COLLECTIVE ACTION**

Plaintiffs Joseph Reid ("Reid") and Gordon Miller ("Miller) (collectively referred to as "Plaintiffs"), on behalf of themselves and similarly situated employees, bring this collective action lawsuit against Defendant Newalta Environmental Services, Inc. ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

**JURISDICTION AND VENUE**

1. Jurisdiction is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in this Court is proper under 28 U.S.C. § 1391.

**PARTIES**

3. Reid is an individual residing at 245 Henricks Road, Butler, Pennsylvania 16001.

4. Miller is an individual residing at P.O. Box 10, Chest Springs, Pennsylvania 16624.

5. Plaintiffs are employees covered by the FLSA.

6. According to paperwork filed with The Ohio Secretary of State, Defendant is a corporate entity incorporated in the state of Delaware and headquartered at 1330 Lake Robbins Drive, Suite 350, The Woodlands, Texas 77380. *See* Exhibit A; *see also* Affidavit of Took Whiteley at ¶5 (Doc. 15-1).

7. Defendant is a subsidiary of Newalta Corporation and Newalta Corporation's principal place of business is located at 211 11th Avenue SW, Calgary, Alberta, Canada T2R-0C6, *see* Affidavit of Took Whiteley at ¶¶4-5 (Doc. 15-1).

8. Defendant has designated a statutory agent, C T Corporation System, to accept service on its behalf in Cleveland, Ohio. *See* Exhibit A.

9. Defendant is an employer covered by the FLSA.

## FACTS

10. Defendant is an "environmental services and waste management" company, *see* Exhibit A*,* and provides gas/oilfield services throughout the United States including locations within this judicial district, *see generally* http://www.newalta.com/.

11. During the time period relevant to this lawsuit, Defendant employed at least 100 Solids Control Technicians ("SCTs") assigned to gas/oilfields throughout the United States, including within this judicial district.

12. The SCT position does not entail significant managerial, administrative, or professional responsibilities. Rather, the SCT position primarily entails performing manual labor associated with the running of solids control equipment at the gas/oilfield location and completing routine paperwork associated with such activities.

13. The SCT position does not require any advanced training, degrees, certifications, or knowledge. Rather, the position requires only a high school diploma or equivalent, and, once hired, SCTs can learn how to perform the job through minimal on-the-job training.

14. SCTs regularly work over 40 hours per week, and, in fact, it is commonplace for SCTs to work over 60 hours in a week.

15. Defendant pays SCTs on a salaried basis and provided additional *per diem* compensation for each day worked in the field.

16. Defendant classifies SCTs as exempt from the overtime pay mandates of the FLSA. As such, SCTs receive no compensation (including overtime premium compensation) for hours worked over 40 during the week.

17. Reid was employed by Defendant as an SCT from approximately March 2012 until approximately March 2013.

18. Miller was employed by Defendant as an SCT from approximately June 2011 until July 2013.

19. Reid's 2012 W-2 form lists Defendant as his employer and provides Defendant's corporate address as 211 11th Avenue SW, Calgary, Alberta, Canada T2R-0C6. *See* Exhibit B.

20. A sample paystub for Reid dated May 15, 2013 lists "Newalta Environmental" as the payor with the address of 211 11th Avenue SW, Calgary, Alberta, Canada T2R-0C6. *See* Exhibit C.

21. A sample paystub for Miller dated April 13, 2012 lists "Newalta Environmental" as the payor with the address of 211 11th Avenue SW, Calgary, Alberta, Canada T2R-0C6. *See* Exhibit D.

22. Defendant is listed as a "private employer" with The Ohio Bureau of Workers' Compensation and has an employer id number of 1642422-0. *See* Exhibit E.

23. Defendant assigned Reid to gasfields located within this judicial district, including gasfields in and around Quaker City, (Guernsey County) Ohio.

24. Defendant assigned Miller to gasfields located within this judicial district, including gasfields in and around Cambridge, (Guernsey County) Ohio; Zanesville, (Muskingum County) Ohio; and Cadiz, (Harrison County) Ohio.

25. Like other SCTs, Plaintiffs did not have any significant managerial, administrative, or professional responsibilities. Instead, Plaintiffs spent almost all of their time performing manual labor associated with the running of solids control equipment at the gas/oilfield location and completing routine paperwork associated with such activities.

26. Like other SCTs, Plaintiffs' position did not require any advanced training, degrees, certifications, or knowledge. Indeed, Reid has no educational degrees beyond a high school diploma and Plaintiffs' training for the SCT position consisted of approximately two-weeks of training.

27. Like other SCTs, Defendant paid Plaintiffs a salary plus a *per diem* payment for each day spent working in the field, classified Plaintiffs as overtime-exempt, and regularly required Plaintiffs to work over 40 hours per week. In fact, Plaintiffs, in the absence of discovery, estimates that they often worked over 60 hours per week at the locations identified in Paragraphs 23 and 24 above. On such occasions, Plaintiffs received no compensation for their overtime work.

28. Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions by failing to pay Plaintiffs and other SCTs any compensation for hours worked over 40 during the workweek.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiffs bring their FLSA claim as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of the following collective:

> All individuals employed by Newalta Environmental Services, Inc. (or any of its affiliated companies, including, but not limited to, Newalta Corporation and/or TerraAqua Resource Management) in the United States as Solids Control Technicians during any workweek within the past three years.

30. Plaintiffs' FLSA claim on behalf of such individuals should proceed as a collective action because Plaintiffs and other class members, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## COUNT I
### (Alleging FLSA Violations)

31. All previous paragraphs are incorporated as though fully set forth herein.

32. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

33. Defendant violated the FLSA by failing to pay Plaintiffs and other members of the FLSA collective any compensation, including overtime premium compensation, for hours worked over 40 per workweek.

34. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

5

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and other class members, seeks the following relief:

A. An order permitting this action to proceed as a collective action;

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all members of the FLSA collective informing them of this action and permitting them to join (or "opt-in" to) this action;

C. Unpaid wages (including overtime premium wages) and prejudgment interest to the fullest extent permitted under federal and state law;

D. Liquidated damages to the fullest extent permitted under the law;

E. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under federal and state law; and

F. Such other and further relief as this Court deems just and proper.

Date: September 17, 2013            Respectfully,

/s/ *Robert E. DeRose*
Robert E. DeRose, Esq. (OH Bar No. 0055214)
Robi Baishnab (OH Bar No. 0086195)
Melissa J. Peters (OH bar No. 0089104)
**BARKAN MEIZLISH HANDLEMAN GOODIN DEROSE WENTZ, LLP**
250 E. Broad Street, 10th Floor
Columbus, OH 43215
Telephone: (614) 221-4221
Fax: (614) 744-2300
Email: bderose@barkanmeizlish.com
          rbaishnab@barkanmeizlish.com
          mpeters@barkanmeizlish.com

/s/ *R. Andrew Santillo*
Peter Winebrake (*pro hac vice* admission anticipated)
R. Andrew Santillo*

6

Mark J. Gottesfeld (*pro hac vice* admission anticipated)
**WINEBRAKE & SANTILLO, LLC**
715 Twining Road, Suite 211
Dresher, PA 19025
Telephone: (215) 884-2491
Fax: (215) 884-2492
    Email: pwinebrake@winebrakelaw.com
          asantillo@winebrakelaw.com
          mgottesfield@winebrakelaw.com

*\* Admitted pro hac vice*

*Counsel for Plaintiffs*

7