IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 13-cv-03507-CMA

JOSEPH REID and
GORDON MILLER, on behalf of themselves and similarly situated employees,

    Plaintiffs,

v.

NEWALTA ENVIRONMENTAL SERVICES, INC.,

    Defendant.

---

### ORDER GRANTING MOTION TO CERTIFY

---

    This matter is before the Court on Plaintiffs' Unopposed Motion for Conditional Certification (Doc. # 12).  Upon full consideration of the motion and all other papers and proceedings herein, it is hereby ORDERED as follows:

1. This collective action is conditionally certified, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA Section 16(b)"), 29 U.S.C. § 216(b), on behalf of the following collective:  All individuals who, during any workweek since January 1, 2011, were employed by Defendant Newalta Environmental Services, Inc. ("Defendant") as Solids Control Technicians ("SCTs") in the United States. These individuals are referred to herein as the "Putative Collective Action Members."  It is understood that Defendant expressly reserves all rights as to the limitation period applicable to the FLSA claims of individuals who join the conditionally certified collective action and that Plaintiffs and their Counsel will not pursue in this action any claims by or on behalf of individuals who were employed by Defendant and not within the above definition of the Putative Collective Action Members.

2. Defendant is permitted to move for decertification of the collective action following a period of sufficient discovery, and nothing herein shall be construed as limiting: (a) Defendant's right to move for decertification and assert that this action is inappropriate to proceed to trial as a collective action or (b) any of

     Defendant's defenses. Defendant further reserves its right to seek redefinition, modification, or decertification of any portion or aspect of the collective action.

3. Within seven (7) days of the entry of this Order, Defendant will provide to Plaintiffs' Counsel the total number of Putative Collective Action Members, as defined in paragraph 1.

4. Within fourteen (14) days of the entry of this Order, Plaintiffs' counsel will mail to Defendant's counsel notice packages containing finalized copies of the attached "Notice of Collective Action Lawsuit" and "Opt-In Consent Form," a postage-paid return envelope bearing Plaintiffs' counsel's address, and an envelope bearing Plaintiffs' counsel's return address (collectively, the "Notice Package").  Plaintiffs' counsel will pay all postage and printing costs associated with the preparation and mailing of the Notice Packages.  Upon receipt of the Notice Packages, Defendant's counsel will address the Notice Package with each class member's last known address and, within twenty-one (21) days of the entry of this Order, mail the Notice Package to each Putative Collective Action Member.  If any Notice Package is returned with a forwarding address, Plaintiff's counsel will promptly re-mail the Notice Package to the forwarding address.  If any Notice Package is returned as undeliverable, Plaintiffs' counsel will take all reasonable steps to locate alternative addresses for the intended recipient and will promptly re-mail the Notice Package to the alternative addresses.

5. Within forty (40) days of the entry of this Order, Defendant's counsel shall file with the Court a declaration confirming that he/she fulfilled the mailing obligations in accordance with paragraph 4.  Such declaration shall include a list of the Putative Collective Action Members to whom the Notice Package was sent, identified by Defendant's employee personnel number.

6. In order to participate in this action as an opt-in party plaintiff under FLSA Section 16(b), 29 U.S.C. § 216(b), a Putative Collective Action Member must complete his/her Opt-In Consent Form and return it in an envelope postmarked on or before the deadline indicated in the Notice Package, which shall be set at forty-five (45) days after the initial mailing date ("Opt-In Deadline").  Plaintiffs' counsel shall retain all postmarked envelopes they receive containing an Opt-In Consent Form for inspection upon request by Defendant's counsel.

7. Within seven (7) days of the Opt-In Deadline described in paragraph 6 above, Plaintiffs' counsel will file with the Court all completed and timely Opt-In Consent Forms.  Prior to filing, the parties will confer in good faith to amicably resolve any disputes concerning the completeness or timeliness of any Opt-In Consent Forms.

8. All formal discovery is STAYED pending completion of the opt-in process described herein.

DATED:  January   23  , 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge